UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **KENNETH PAUL JONES** | **CIVIL ACTION NO. 10-717-P** |
| **VERSUS** | **JUDGE STAGG** |
| **RODNEY ARBUCKLE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Kenneth Paul Jones ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on April 23, 2010. Plaintiff was incarcerated at the David Wade Correctional Center in Homer, Louisiana, when he filed this complaint. He names Sheriff Rodney Arbuckle, Lt. Toni Morris, and Cpt. Dennis Reed as defendants.

Plaintiff claims that on December 2, 2009, he filed a criminal complaint with Sheriff Rodney Arbuckle and Lt. Toni Morris because his sister took his W-2 tax form from his mailbox. He claims Sheriff Arbuckle did not investigate his complaint because he contacted the Department of Justice to investigate Sheriff Arbuckle for misappropriation of funds by Deputy Cruise. He claims that the DeSoto Parish Sheriff's Department alleges a letter was sent to him which informed him to contact his employer regarding his W-2 form. He claims he never received this letter.

As relief, he seeks compensatory and punitive damages, court costs, and a restraining order against Defendants.

For the reasons stated below, Plaintiff's complaint should be dismissed as frivolous.

**LAW AND ANALYSIS**

The refusal or failure of a law enforcement agency to investigate or seek criminal charges against an individual does not state a cognizable claim under 42 U.S.C. § 1983. The decision whether or not to bring criminal charges rests solely with the prosecutor. The Court does not institute criminal prosecutions. Plaintiff does not have a constitutional right to have anyone criminally prosecuted. See U.S. v. Carter, 953 F.2d 1449, 1462 (5th Cir. 1992); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990); Jefferies v. Allen, 2009 WL 536051 (W.D.La.).

Accordingly, Plaintiff's claims are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**CONCLUSION**

Because Plaintiff filed this proceeding in forma pauperis, if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in fact and law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 25 day of August, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE